CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 21, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| J. COMBS, *et al.*,<br>　　Defendants. | )<br>)<br>)<br>) |

Civil Action No. 7:24-cv-00031

By: Elizabeth K. Dillon
　　Chief United States District Judge

## MEMORANDUM OPINION

Terry K. Ofori, a Virginia inmate proceeding *pro se*, commenced a civil action under 42 U.S.C. § 1983, which the court severed into several actions, including this one, which alleges claims that arise from events that occurred while he was housed at Wallens Ridge State Prison (WRSP). This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Ofori's complaint fails to state a claim, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Applying these standards to Ofori's complaint, the court concludes that does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The claims in this action relate to Ofori's claim that he was retaliated against for filing lawsuits. (Dkt. No. 1-1 at 6.) Plaintiff's allegations describe actions that occurred in 2018 and 2019. (*See* Compl. ¶¶ 122–27.) Because the statute of limitations for § 1983 actions in Virginia is two years, *see Reid v. James Madison Univ.*, 90 F.4th 311, 318 (4th Cir. 2024), and because plaintiff did not file this action until July 2023, this action must be dismissed as barred by the limitations period. *See, e.g.*, *Blackshear v. VDOC*, Civil Action No. 2:18cv377, 2021 WL 10564731, at *6 (E.D. Va. July 7, 2021) (applying Virginia's two-year statute of limitations for personal injury claims to § 1983 retaliation claims).

For the foregoing reasons, the court will summarily dismiss Ofori's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state an actionable claim.

Entered: August 21, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge